FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville
JUN 22 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
~~ATLANTA~~ Gainesville **DIVISION**

Housseinou Thiaw
(Print your full name)

Plaintiff *pro se*,

v.

Northland Investment Corporation

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

2:26-CV-0210

(to be assigned by Clerk)

## ***PRO SE*** **EMPLOYMENT DISCRIMINATION COMPLAINT FORM**

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

X Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

**NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

_____ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____ Other (describe) ______________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff. Print your full name and mailing address below:

Name Housseinou Thiaw

Address 3328 Abbey Way

Gainesville, GA 30507

4. Defendant(s). Print below the name and address of each defendant listed on page 1 of this form:

Name Northland Investment Corporation

Address 2150 Washington Street

Newton, MA 02462

Name

Address

Name

Address

## Location and Time

5. If the alleged discriminatory conduct occurred at a location different from the address provided for defendant(s), state where that discrimination occurred:

The Maven at Suwanee, 4255 Suwanee Dam Road

Suwanee, GA 30024

6. When did the alleged discrimination occur? (State date or time period)

May 21, 2024 through December 3, 2024.

EEOC Charge No. 410-2025-03588; charge signed/received February 13, 2025.

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency? __X__ Yes ______ No

If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

__X__ Yes ______ No

If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:

March 24, 2026

9. If you are suing for **age discrimination**, check one of the following:

______ 60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

______ Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes _____ No _x___ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

______________________________________________

______________________________________________

______________________________________________

______________________________________________

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

_____ Yes _____ No _x___ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

_____ failure to hire me
_____ failure to promote me
_____ demotion
_____ reduction in my wages
_X___ working under terms and conditions of employment that differed from similarly situated employees
_X___ harassment
_X___ retaliation
_X___ termination of my employment
_____ failure to accommodate my disability
_____ other (please specify) ______________________________

______________________________________________

13. I believe that I was discriminated against because of (check only those that apply):

_X___ my race or color, which is African American / Black
_____ my religion, which is ______________________________
_____ my sex (gender), which is _____ male _____ female
_____ my national origin, which is ______________________________
_____ my age (my date of birth is ______________________________)
_____ my disability or perceived disability, which is:

______________________________________________

_X___ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

_____ other (please specify) ______________________________

______________________________________________

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

1. I began working for Northland Investment Corporation as a Lead Maintenance Technician at The Maven at Suwanee on or about May 21, 2024. I am Black. During my employment, Maintenance Technician Siddell Faulk repeatedly used profanity and racial slurs, including the N-word, toward me and/or in reference to Black employees or residents during work and staff meetings.

2. On or about June 10, September 4, and November 13, 2024, Mr. Faulk shouted at me, used racial language and profanity, and threatened me during work or staff meetings. Community Manager Brittany Lamb was present for some of this conduct and did not stop or correct it. I complained to Ms. Lamb and Assistant Manager Amber. Ms. Lamb told me I was provoking Mr. Faulk, and no effective corrective action was taken.

3. On November 11, 2024, I submitted a written complaint to Human Resources requesting immediate intervention regarding Mr. Faulk's conduct, including his unprofessional language, threats, disruptive behavior, and the hostile work environment. Human Resources acknowledged my complaint, but the problem was not resolved. On December 2, 2024, Mr. Faulk threatened me and hit me in the face at work. I reported it to Ms. Lamb, called the police, and sent Human Resources my recording of the incident.

4. On December 3, 2024, Northland terminated my employment. This was 22 days after my written Human Resources complaint. I believe Northland allowed repeated racial harassment to continue, treated me differently because I am Black, and fired me in retaliation for complaining about racial harassment and workplace misconduct.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15. Plaintiff ____ still works for defendant(s)
X___ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? ____ Yes X___ No

If you checked "Yes," please explain: ________________

________________________________________

________________________________________

________________________________________

________________________________________

17. If your case goes to trial, it will be heard by a judge unless you elect a jury trial. Do you request a jury trial? X____ Yes ____ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

X___ Defendant(s) be directed to ________________
reinstatement/front pay; expunge termination records

X___ Money damages (list amounts) ________________
back pay, front pay, compensatory and punitive damages, interest
amounts to be determined

X___ Costs and fees involved in litigating this case

X___ Such other relief as my be appropriate

**PLEASE READ BEFORE SIGNING THIS COMPLAINT**

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 22 day of June, 2026

[signature]
(Signature of plaintiff *pro se*)

Housseinou Thiaw
(Printed name of plaintiff *pro se*)

3328 Abbey Way
(street address)

Gainesville, GA 30507
(City, State, and zip code)

personal.hthiaw@icloud.com
(email address)

678-733-1211
(678) 308-8698
(telephone number)

GEORGIA DEPARTMENT OF LABOR - APPEALS TRIBUNAL
148 Andrew Young Intl Blvd NE,Ste 525, Atlanta,GA 30303-1734
404-232-3900 Fax 404-232-3901
appeals@gdol.ga.gov

DECISION OF ADMINISTRATIVE HEARING OFFICER - DOCKET# 4586-25

| | | | |
|---|---|---|---|
| Appealing Party | Claimant | Decision Mailed | 05/15/2025 |
| Appeal Filed | 01/21/2025 | Appeal Rights Expire | 05/30/2025 |
| Hearing Date | 05/14/2025 | | |

Claimant
HOUSSEINOU JAY THIAW

HOUSSEINOU JAY THIAW
3328 ABBEY WAY
GAINESVILLE GA 30507

Employer
NORTHLAND INVESTMENT

APPEARANCES: The hearing was held by telephone conference with the claimant representing himself. Megan Porcaro, Human Resources Manager, represented the employer.

O.C.G.A. PROVISIONS AND ISSUES INVOLVED: OCGA Section 34-8-194(2) - Whether the discharge or suspension of the claimant was for failure to follow orders, rules or instructions or failure to perform the duties for which employed.

OCGA Section 34-8-157(b) - Whether the employer supplied written separation information to the Department of Labor in a timely manner.

FINDINGS OF FACT: The claimant was employed by the named employer as a Lead Maintenance Technician, from May 21, 2024, through December 03, 2024. The claimant was discharged for violating the employers Workplace Violence Policy.

The employer maintains a policy of zero tolerance for physical violence, threats of violence, and/or use of racial slurs. The policy is provided to all employes at time of hire and is accessible on the employer's digital platform. The claimant denies knowledge of the policy.

On December 02, 2024, the claimant got into a verbal and physical altercation with another employee. In which both employees made several profane and racial remarks to one another. In addition, the other employee slapped the claimant during the altercation. The claimant had made a recording of the altercation and submitted it to Human Resources (HR) later that day. At which point both employees were terminated.

The claimant had previously reported the other employee to HR for harassing behaviors on November 11, 2024. HR investigated the claim and resolved the reported issue by instituting progressive disciplinary action plan with the other employee.

See reverse side

The employer provided timely separation information to the Department.

REASONS FOR DECISION: O.C.G.A. Section 34-8-194(2)(A) provides for a disqualification when a claimant is discharged or suspended for failure to obey rules, orders or instructions or for failure to perform the duties for which employed. Before a disqualification is imposed, it must be shown that the claimant was at fault by a deliberate action or conscious neglect, which caused the failure to satisfactorily perform.

In the instant case, the claimant admitted to violating the employer's policy. The claimant failed to show that he had no other reasonable alternative but to engage in an altercation with another employee. Therefore, a disqualification is required.

O.C.G.A. Section 34-8-157(b) provides that an employer may be charged for benefits paid if the employer fails to provide a timely, written response to the notice of claim filing. The employer furnished timely, written separation information.

DECISION: The determination released by the Department January 03, 2025, disqualifying the claimant effective December 01, 2024, under the provisions of O.C.G.A. Section 34-8-194(2)(A), is affirmed.

Since a disqualification was imposed and no benefits were paid, there will be no charges to the employer's tax account in accordance with O.C.G.A. Section 34-8-157(b).

VICTORIA JACKSON
HEARING OFFICER

This is to certify that this decision was mailed on the above date by the clerk of the Appeals Tribunal.

**Appeal Rights:**
This decision will become final unless you file an appeal by the deadline. Appeal rights expire 15 days after the decision is mailed. If you wish to file an appeal, submit a request online at dol.georgia.gov, in writing by email to boardofreview@gdol.ga.gov, or fax to 404.232.3339. Appeals filed by email or fax are considered filed on the date received.

Plaintiff Housseinou Thiaw v. Northland Investment Corporation

EEOC Charge No. 410-2025-03588

I. HOSTILE WORK ENVIRONMENT — TITLE VII, 42 U.S.C. § 2000e et seq.

Plaintiff establishes a racially hostile work environment through documented, repeated incidents of severe racial harassment. On or before June 10, On or before September 4, and On or before November 13, 2024, Maintenance Technician Siddell Faulk used racial slurs including the N-word directed at Plaintiff and in reference to Black individuals, during mandatory staff meetings attended by supervisory personnel, including Community Manager Brittany Lamb. Under Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993), the N-word constitutes conduct sufficiently severe to create a hostile environment as a matter of law. Defendant is liable under the Ellerth/Faragher framework because management was present during the harassment and took no corrective action. Ms. Lamb, rather than investigating or disciplining Faulk, told Mr. Thiaw that he was "provoking" the harasser. Defendant's failure to act after explicit written notice (November 11, 2024, HR complaint) breaches the employer's duty to take "prompt, effective remedial action." EEOC Enforcement Guidance on Harassment.

II. RETALIATION — 42 U.S.C. § 2000e-3(a)

Plaintiff engaged in protected activity by formally reporting racial harassment to Human Resources on November 11, 2024. He suffered an adverse employment action termination on December 3, 2024, just 22 days later. The 11th Circuit holds that close temporal proximity between protected activity and adverse action raises a compelling inference of retaliatory causation. Trimble v. Fort Valley State Univ., 2024 U.S. App. LEXIS 7063 (11th Cir. 2024).

Defendant's stated reason mutual policy violation is pretext. Faulk engaged in repeated, documented racial harassment prior to December 2, 2024, without discipline. Plaintiff's verbal response occurred only after being physically assaulted. Applying identical discipline to the original harasser and the victim who complained is textbook pretext. Sanders v. City of Clarkston, 2025 U.S. Dist. LEXIS 7023 (N.D. Ga. 2025).

III. NEGLIGENT RETENTION

Defendant retained Faulk despite knowledge of his pattern of racial harassment, documented as early as June 2024. The November 11, 2024, written complaint placed Defendant on undeniable notice. Defendant's inaction directly enabled the December 2,

2024, physical assault. This constitutes negligent retention under applicable Georgia tort law and reinforces the Title VII liability framework.

## IV. CONCLUSION

Plaintiff respectfully requests that this Court deny Defendant's anticipated motion to dismiss, find that genuine issues of material fact exist as to hostile work environment, retaliation, and the pretextual nature of Defendant's proffered reason, and allow Plaintiff's claims to proceed to discovery and trial.

EEOC No. 410-2025-03588 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 410-2025-03588 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Housseinou Thiaw

Phone No.: (678) 308-8698

Year of Birth: 2024

Mailing Address: 3328 Abbey Way, Gainesville, GA 30507

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Northland

No. Employees, Members:

Phone No.: (617) 965-7100

Mailing Address: 2150 Washington Street

Newton, MA 02462, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 05/22/2024

Latest: 12/03/2024

THE PARTICULARS ARE:

I. I began my employment with the above-named employer on May 22, 2024, as Lead Tech. During my employment, I was subjected to disparate treatment, and a hostile work environment. On June 10, 2024, during a meeting, Siddell Saulk, Technician, began shouting at me in front of other employees. Mr. Saulk told me "Nigga you are the supervisor, why the fuck are you not doing your job?" Brittany Lamb, Manager, agreed with Mr. Saulk and asked why I was not doing my job. I complained to Amber, Assistant Manager, and Ms. Lamb about the way Mr. Saulk was talking to me. Nothing was done about my complaint. On September 4, 2024, during a meeting, Mr. Saulk began shouting at me and accused me of not working. Mr. Saulk also told me, "Shut the fuck up" in front of other employees. I complained to Ms. Lamb again about what happened. Ms. Lamb asked me why I was provoking Mr. Saulk. Nothing was done about my complaint. On November 13, 2024, after a work meeting, Mr. Saulk began shouting at me and said, "Nigga I will beat your ass in the Kroger parking lot". I complained to Ms. Lamb again about the comments from Mr. Saulk; she told me that I was provoking him again. On December 2, 2024, after arriving to work early, I told Ms. Lamb that I was the only employee on site. After Mr. Saulk arrived, he told me, "Snitch ass niggas going to get hit". I told him that I was his supervisor. Mr. Saulk said, "he does not give a fuck, and fuck with a real nigga and see what happens". After this, Mr. Saulk hit me in the face. I complained to Ms. Lamb and told her that I was going to call the police. The police came to the jobsite, no arrests were made. On December 3, 2024, Ms. Lamb and Amber told me I was being discharged. On December 3, 2024, I was discharged.

II. I was told that my discharge was involuntary. No reason was given for the disparate treatment. Nothing was done regarding my complaints.

III. I believe that I have been discriminated against because of my race (African American), and subjected to retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

02/13/25

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary ______________________________

Printed Name ______________________________

EEOC ATDO
Received 02/13/2025

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/24/2026

**To:** Housseinou Thiaw
3328 Abbey Way
Gainesville, GA 30507
Charge No: 410-2025-03588

EEOC Representative and email: ASHLEY HARPER
INVESTIGATOR
ASHLEY.HARPER@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2025-03588.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
03/24/2026

Darrell E. Graham
District Director

**Cc:**
Natalie Groot
Mintz
One Financial Center
Boston, MA 02111

NA NA
3328 Abbey Way
Gainesville, GA 30507

Jay Babbitt
Northland
2150 Washington ST
Newton, MA 02462

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2025-03588 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2025-03588 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# Legal Arguments Thiaw v. Northland Investment Corporation

Northland's position statement. It's polished, it's packaged by a Boston law firm, and it's designed to make you forget one thing: their manager watched a Black man get called the N-word in team meeting after team meeting and did nothing.

Northland wants you to believe this is a policy case. A "mutual altercation." A "professionalism" problem. But here's what the record actually shows: Siddell Faulk used the N-word in front of management including Community Manager Brittany Lamb on at least three separate occasions: on or before June 10, on or before September 4, and on or before November 13, 2024. Each time, Mr. Thiaw complained. Each time, Ms. Lamb told him he was "provoking" Faulk. Not once did Northland discipline Faulk, issue a written warning, or conduct a formal investigation — until Mr. Faulk physically hit Mr. Thiaw in the face on December 2, 2024. And then Northland fired the victim.

Their own HR Vice President responded to Mr. Thiaw's formal written complaint of November 11, 2024 not by investigating, not by disciplining Faulk, but by telling Mr. Thiaw that "resolution requires concerted effort from both parties." That's not compliance with Title VII. That's cover.

They want to call it a mutual termination. But the 11th Circuit is clear: when a plaintiff shows the employer knew about harassment, failed to correct it, and the harassment escalated including to physical violence that is a textbook hostile work environment under Harris v. Forklift Systems. And when an employer fires the employee 22 days after a formal HR complaint? That's not coincidence. That's retaliation.

The core question isn't whether Mr. Thiaw used a slur on December 2nd. The core question is: why did he end up in that situation in the first place?

The answer is a paper trail Northland can't erase.

The McDonnell Douglas framework cuts against Northland at every step:

Prima facie case: Mr. Thiaw is Black, was qualified (Lead Maintenance Technician, hired May 2024), suffered an adverse action (termination December 3, 2024), and was fired under circumstances suggesting discrimination he complained about racial harassment and was fired 22 days later.

The "same actor" defense collapses under scrutiny. Northland claims Ms. Lamb both hired and fired Mr. Thiaw, so there can't be discrimination. But the "same actor" inference is not conclusive and here, Ms. Lamb herself was present during racial slurs and told Mr. Thiaw he was "provoking" Faulk rather than addressing the harassment. That undermines any inference she acted in good faith.

The pretext argument is strong. Northland's "legitimate reason" is that both parties violated policy. But pretext is shown when the employer applies policies inconsistently. The record

shows Faulk used the N-word on at least three occasions before December 2, 2024, without any documented discipline. Mr. Thiaw responded in kind after being physically assaulted.

GEORGIA DEPARTMENT OF LABOR - APPEALS TRIBUNAL said under "FINDINGS OF FACT: The claimant was employed by the named employer as a Lead Maintenance Technician, from May 21, 2024, through December 03, 2024. The claimant was discharged for violating the employers Workplace Violence Policy.
The employer maintains a policy of zero tolerance for physical violence, threats of violence, and/or use of racial slurs.....
On December 02, 2024, the claimant got into a verbal and physical altercation with another employee. In which both employees made several profane and racial remarks to one another. In addition, the other employee slapped the claimant during the altercation. The claimant had made a recording of the altercation and submitted it to Human Resources (HR) later that day. At which point both employees were terminated. The claimant had previously reported the other employee to HR for harassing behaviors on November II, 2024. HR investigated the claim and resolved the reported issue by instituting progressive disciplinary action plan with the other employee."

You don't need a Harvard degree to know when something is wrong.

Holding Mr. Thiaw equally accountable for retaliating verbally after a physical attack while the attacker faced the same consequence is not equal treatment; it is a pretext for removing the complaining party. Mr. Thiaw submitted a written HR complaint November 11, 2024. He was fired December 3, 2024, 22 days later. The 11th Circuit recognizes close temporal proximity as evidence of causation.

Hostile work environment: Faulk's N-word use was not a one-time incident. It was repeated, in front of management, in mandatory staff meetings, directed at Mr. Thiaw and in reference to Black residents. Under Harris v. Forklift, that is pervasive and severe. Management's failure to act, combined with the Assistant Manager's statement that "it's probably because y'all are Black," directly establishes employer liability.

You want to talk about policy violations? Fine. Let's talk about policy violations.

Northland, claim they fired Housseinou Thiaw for using a slur in a chaotic altercation after being hit in the face, while their own Community Manager sat through months of team meetings where the N-word was flying around like it was normal conversation.

Let me be crystal clear about what happened here. This is not a "two employees who couldn't get along" story. This is a story about a company that looked the other way. Not once. Not twice. Three documented times before the assault. June 10. September 4. November 13. Every single time, Brittany Lamb was there. Every single time, she did nothing. Every single time she told Mr. Thiaw he was the problem.

And when Mr. Thiaw finally did what every human being would do, he escalated in writing to HR on November 11, 2024, what did Jay Babbitt, Vice President of Human Resources, write back? He said this would require "concerted effort from both" parties. Both parties! As if Mr. Thiaw were equally responsible for the racial slurs being hurled at him!

Now, Northland's lawyers from Mintz Levin want to make a big deal about the "same actor" inference that because Ms. Lamb hired and fired Mr. Thiaw, there can be no discrimination. But here's what they conveniently forgot to mention: the Assistant Manager their own supervisory employee told Mr. Thiaw directly, "I don't know, it's messed up, but it's probably because y'all are Black and she doesn't see anything wrong with it." That's not an inference. That is a confession. That is Northland's own supervisory staff telling us exactly what was going on.

And the witnesses the coworkers who heard every slur in every meeting they're silent now? Of course they are. They have no incentive to speak up. They still work for Northland. But the EEOC has the power of subpoena, and those witnesses need to be asked under oath, on the record whether Siddell Faulk used racial slurs in those staff meetings. Yes or no. No hedging. No "I don't recall."

Northland fired the victim of racial harassment and physical assault 22 days after he formally complained. They called it "mutual." That word mutual is an insult to the intelligence of this Commission and a disgrace to Title VII.

Northland didn't fire Housseinou Thiaw because he violated a policy. They fired him because he made noise. Because he complained. Because he refused to accept a workplace where a Black man could be called the N-word in front of his manager and told to just get along with it. That is retaliation. That is a hostile work environment. And that is exactly what Title VII was written to stop.

Name:
Brittany Lamb

Correct spelling:
Brittany Lamb

Job title:
Community Manager

Worked at:
The Maven at Suwanee

Phone/email if known:
Unknown. Get through records/discovery if needed.

What they saw/heard:
Allegedly present during team meetings where Siddell Faulk used racial slurs. Received complaints from you about Mr. Faulk's conduct. Was allegedly told about the threats and December 2 incident.

Date or approximate date:
June 10, 2024; September 4, 2024; November 13, 2024; December 2-3, 2024; and other team meetings.

Who else was present:
You, Siddell Faulk, Amber, Brendon/Brendan, leasing employee, possibly other staff.

Manager present:
Brittany Lamb herself.

Why this witness matters:
She is key because she was management. If she heard the slurs or received complaints and no effective action was taken, that supports employer knowledge and failure to correct harassment.

Name:
Amber [last name unknown]

Correct spelling:
Need last name.

Job title:
Assistant Manager

Worked at:
The Maven at Suwanee

Phone/email if known:
You have her number. Keep it private for now; do not put it in the public complaint unless required.

What they saw/heard:
May have witnessed team meeting comments and management's response. You stated Amber said words to the effect that management allowed it because "y'all are Black" and did not see anything wrong with it.

Date or approximate date:
After one or more team meetings, likely 2024. Need exact date if possible.

Who else was present:
You; possibly Brittany Lamb, Siddell Faulk, Brendon/Brendan, and leasing staff.

Manager present:
Amber and/or Brittany Lamb.

Why this witness matters:
Amber may confirm that management knew racial slurs were happening and treated them as acceptable instead of correcting them.

Name:
Siddell Faulk

Correct spelling:
Likely Siddell Faulk. Also search for Siddle Faulk or Saulk because documents may vary.

Job title:
Maintenance Technician

Worked at:
The Maven at Suwanee

Phone/email if known:
Unknown.

What they saw/heard/did:
Accused of repeatedly using racial slurs, including the N-word, during meetings or work interactions; threatening you; telling you to go to the Kroger parking lot to fight; and hitting you on December 2, 2024.

Date or approximate date:
On or before June 10, 2024; On or before September 4, 2024; On or before November 13, 2024; On or before December 2, 2024.

Who else was present:
You, Brittany Lamb, Amber, Brendon/Brendan, and leasing employee

Manager present:
Brittany Lamb and Amber for some incidents.

Why this witness matters:
He is the main actor. Even if hostile to your case, he has direct knowledge of what was said, who was present, and what happened before termination.

Name:
Leasing employee [name unknown]

Correct spelling:
Unknown. Need name from schedule, emails, staff list, or discovery.

Job title:

Leasing Agent / leasing employee

Worked at:
The Maven at Suwanee

Phone/email if known:
Unknown.

What they saw/heard:
May have been present during team meetings where racial slurs were used.

Date or approximate date:
2024 team meetings, especially June through November 2024.

Who else was present:
You, Siddell Faulk, Brittany Lamb, Amber, Brendon/Brendan.

Manager present:
Brittany Lamb and/or Amber.

Why this witness matters:
This person may confirm the slurs were said openly in meetings.

Name:
Brendan/Brandon/Brendon [last name unknown]

Correct spelling:
Need to confirm spelling and last name.

Job title:
Technician / coworker

Worked at:
The Maven at Suwanee

Phone/email if known:
Unknown.

What they saw/heard:
Witnessed team meeting comments involving racial slurs. Heard statement about going to the Kroger parking lot to fight. Need to clarify exactly who said it.

Date or approximate date:
Possibly November 13, 2024, or another team meeting date.

Who else was present:
You, Siddell Faulk, Brittany Lamb, Amber, possibly leasing staff.

Manager present:
Brittany Lamb and/or Amber.

Why this witness matters:
He may confirm racial slurs happened in group meetings, that other employees heard him, and that threats or fighting comments occurred.