**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| HOUSSEINOU THIAW,<br>*Plaintiff,*<br>v.<br>NORTHLAND INVESTMENT CORPORATION,<br>*Defendant.* | Civil Action No. 2:26-CV-00210-SCJ-AWH |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NORTHLAND INVESTMENT CORPORATION TO PLAINTIFF'S *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT**

Defendant Northland Investment Corporation ("Northland" or "Defendant"), through its undersigned counsel, answers the *Pro Se* Plaintiff Housseinou Thiaw's ("Plaintiff" or "Thiaw") Employment Discrimination Complaint ("Complaint") as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff cannot establish a prima facie case of hostile work environment because he cannot demonstrate that the alleged harassment was sufficiently severe or pervasive to alter the conditions of his employment.

**THIRD DEFENSE**

Defendant exercised reasonable care to prevent and promptly correct any alleged harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**FOURTH DEFENSE**

Plaintiff cannot establish a causal connection between any alleged protected activity and his termination because Defendant had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment, namely Plaintiff's violation of Defendant's Workplace Violence Policy.

**FIFTH DEFENSE**

Defendant's decision to terminate Plaintiff's employment was not pretextual. Defendant applied its Workplace Violence Policy uniformly to all employees involved in the December 2, 2024 incident, and Plaintiff's termination was consistent with Defendant's policies and practices.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's own misconduct, including his participation in a physical and verbal altercation and his own use of profane and racial language, was an independent and superseding cause of his termination.

## SEVENTH DEFENSE

Defendant is entitled to the same-actor inference because the same supervisor who allegedly failed to address Plaintiff's complaints also hired Plaintiff, giving rise to an inference of nondiscrimination.

## EIGHTH DEFENSE

Plaintiff's damages, if any, were not caused by any act or omission of Defendant, and Plaintiff failed to mitigate his damages.

## NINTH DEFENSE

Plaintiff's retaliation claim fails because Plaintiff did not engage in protected activity. Plaintiff's complaints about personality conflicts with a co-worker did not constitute opposition to conduct proscribed by Title VII.

## TENTH DEFENSE

Plaintiff's claims for hostile work environment and negligent retention are barred, in whole or in part, to the extent that such claims were not included in, or exceed the scope of, the Charge of Discrimination filed with the EEOC, and Plaintiff has therefore failed to exhaust his administrative remedies as to those claims.

## ELEVENTH DEFENSE

Plaintiff waived the right to a trial by jury with respect to any action or claim arising out of or relating to Plaintiff's employment with Defendant or Plaintiff's

separation from Defendant. Accordingly, Plaintiff's jury demand is barred, in whole or in part.

**TWELFTH DEFENSE**

Venue is improper in this Court.

**THIRTEENTH DEFENSE**

Defendant reserves the right to assert any additional affirmative defenses that may become apparent through discovery.

**ANSWER**

In response to the numbered paragraphs of the Complaint, Defendant responds as follows:

**Claims and Jurisdiction**

1. Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Defendant denies that Plaintiff is entitled to any relief under Title VII.

2. Paragraph 2 states a legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over claims brought under Title VII.

**Parties**

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 regarding Plaintiff's name and mailing address and therefore denies the same.

4. Defendant admits that Northland Investment Corporation is a corporation with its principal place of business at 2150 Washington Street, Newton, Massachusetts 02462.

**Location and Time**

5. Defendant admits that The Maven at Suwanee is a property located at 4255 Suwanee Dam Road, Suwanee, Georgia 30024, where Plaintiff was employed. Defendant denies any alleged discriminatory conduct occurred at this location.

6. Defendant admits that Plaintiff was employed by Defendant from approximately May 21, 2024 through December 3, 2024. Defendant denies that any alleged discrimination occurred during this time period.

**Administrative Procedures**

7. Defendant admits that Plaintiff filed a charge of discrimination with the EEOC.

8. Defendant admits that the EEOC issued a Notice of Right to Sue letter on March 24, 2026.

9. Paragraph 9 of the Complaint is not applicable because Plaintiff does not allege age discrimination.

10. Paragraph 10 of the Complaint is not applicable because Plaintiff was not an employee of or applicant with a State agency.

11. Paragraph 11 of the Complaint is not applicable because Plaintiff was not an employee of or applicant with a State agency.

## **Nature of the Case**

12. Defendant denies all alleged conduct complained of in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits in part and denies in part the allegations set forth in Paragraph 14 of the Complaint. Defendant admits only that Plaintiff was employed as a Lead Maintenance Technician at The Maven at Suwanee from approximately May 21, 2024 through December 3, 2024, that both Plaintiff and Siddell Faulk identify as African American, that both Plaintiff and Mr. Faulk engaged in disrespectful exchanges in the workplace, that Plaintiff raised a complaint about personality conflicts with Mr. Faulk on November 11, 2024 that was properly investigated and addressed by Defendant, that both Plaintiff and Mr. Faulk were involved in a physical and verbal altercation on December 2, 2024 during which

both employees made profane remarks to one another, the incident was reported to Ms. Lamb who immediately initiated an investigation, that the police responded to the incident, that Plaintiff submitted a recording of the incident to Defendant, and that the employment of both Mr. Faulk and Plaintiff was terminated on December 3, 2024. Defendant denies that Plaintiff's termination was discriminatory or retaliatory and affirmatively states that Plaintiff was terminated for violating Defendant's Workplace Violence Policy, which maintains a policy of zero tolerance for physical violence, threats of violence, and use of racial slurs. Defendant denies all remaining allegations, including any allegations of discrimination, harassment, and retaliation. To the extent that the Complaint includes additional legal argument pages asserting claims for hostile work environment under Title VII and negligent retention under Georgia law, Defendant denies each and every allegation contained therein and denies that Plaintiff is entitled to any relief on those claims.

15. Defendant admits that Plaintiff no longer works for Defendant.

16. Paragraph 16 of the Complaint is not applicable because Plaintiff does not allege a disability-related claim.

17. Defendant denies that Plaintiff is entitled to a jury trial.

**Request for Relief**

18. Defendant denies that Plaintiff is entitled to any relief whatsoever, including reinstatement, front pay, expungement of termination records, back pay,

compensatory damages, punitive damages, interest, costs, fees, or any other relief requested.

## GENERAL DENIAL

19. To the extent any allegation is not specifically admitted, Defendant denies all such allegations pursuant to FED. R. CIV. P. 8(b).

## PRAYER FOR RELIEF

20. WHEREFORE, Defendant Northland Investment Corporation respectfully prays that:

a. Plaintiff's Complaint be dismissed with prejudice;

b. Plaintiff take nothing from Defendant;

c. Defendant be awarded its costs of this action; and

d. The Court grant such other and further relief as it deems just and proper.

Respectfully submitted, this 29th day of September, 2026.

**FELLOWS LABRIOLA LLP**

*/s/ Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.
Georgia Bar No. 257825
hfellows@fellab.com
Kathleen Kassa
Georgia Bar No. 836280
kkassa@fellab.com
233 Peachtree Street, N.E.
Harris Tower, Suite 2400
Atlanta, Georgia 30303
(404) 586-9200

-and-

**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**

Natalie C. Groot*
Massachusetts BBO No. 693461
Monica Bracey Towle*
Massachusetts BBO No. 712109
ncgroot@mintz.com
mbtowle@mintz.com
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

**Pro Hac Vice*

*Attorneys for Defendant Northland
Investment Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record. I further certify that I have served a copy upon the Plaintiff by first-class United States mail, postage prepaid, and email, addressed as follows:

Housseinou Thiaw
personal.hthiaw@icloud.com
3328 Abbey Way
Gainesville, Georgia 30507

*Plaintiff Pro Se*

Respectfully submitted, this 29th day of September, 2026.

*/s/ Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.